RAINEY ET AL. *v.* M.T.A. AND STATE HIGHWAY COMMISSION

[No. 169A11. Filed June 19, 1969. Rehearing denied July 31, 1969.]

*Nelson Grills* and *Earl N. Davis,* of Indianapolis, for plaintiffs.

*Francis J. Feeney, Jr.,* of Indianapolis, and *Theodore L. Sendak,* Attorney General, for defendants.

PER CURIAM.—

## SPECIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Appellate Court of Indiana, pursuant to the provisions of Chapter 7, Acts of 1965 (2d Spec. Sess.), Burns' Indiana Stat. Anno., § 3-2121—3-2131, makes the following findings of fact and states conclusions of law thereon as follows:

### FINDINGS OF FACT

1. East Washington Street in the City of Indianapolis, Marion County, Indiana, between Southeastern Avenue and Edmondson Street, is an east and west urban-arterial highway approximately 5.8 miles in length.

2. Said street is a part of the Federal Highway System, and is designated as U.S. Highway No. 40. At all points here involved it has at least four lanes of traffic, two lanes used for eastbound traffic and two lanes used for westbound traffic.

3. Abutting said East Washington Street between Southeastern Avenue and Edmondson Street are located business establishments, apartment dwellings, family residences and gasoline service stations, some of which are occupied by the plaintiffs herein.

4. Prior to January 1, 1969, parking or standing at the curb of said street was prohibited on the north curb line of said East Washington Street between the hours of 7:00 A.M. to 9:00 A.M.; and was prohibited at the south curb line between the hours of 4:00 P.M. to 6:00 P.M.

5. From May 1, 1968 until January 1, 1969, there was in full force and effect General Ordinance No. 4, which was duly and legally adopted and enacted by the Mass Transportation Authority of Greater Indianapolis, hereinafter referred to as M.T.A. Chapter 8, Section 812 of said ordinance reads in part as follows:

"PARKING PROHIBITED AT ALL TIMES
ON CERTAIN STREETS

"(1) It shall be unlawful for the driver or operator of any vehicle to park the same, or to permit the same to be parked at any time, except as otherwise permitted in this ordinance, in any of the following places upon any of the streets here listed, to-wit:"

"

. . . . .

Washington Street between Southeastern Avenue and Edmondson Street was not included within the provisions of Section 812 of said ordinance.

6. On June 13, 1968, an amendment to Section 812 was duly adopted and enacted by the M.T.A., effective January 1, 1969, which amendment is designated as General Ordinance No. 18, 1968, and reads as follows:

"GENERAL ORDINANCE NO. 18, 1968

"An Ordinance to amend Mass Transportation Authority General Ordinance No. 4, 1968, as amended, and more particularly Section 4, Traffic Code for the Operation of Roads, Chapter 8, Section 812 thereof, Prohibiting Parking at all times on Certain Streets, and fixing a time when the same shall take effect.

BE IT ORDAINED BY THE BOARD OF DIRECTORS OF THE MASS TRANSPORTATION AUTHORITY OF GREATER INDIANAPOLIS

Section 1. That the Mass Transportation Authority General Ordinance No. 4, 1968, and more particularly Section 4, Traffic Code for the Operation of Roads, Chapter 8, Section 812 thereof, be and the same is hereby amended by the addition of the following named street, to-wit:

| STREET | FROM |
|---|---|
| Washington Street | Southeastern Ave. |

| SIDE | TO |
|---|---|
| Both | Edmondson St. |

subject to the penalties as provided in Mass Transportation Authority General Ordinance No. 4, 1968, and more particu-

larly Section 4, Traffic Code for the Operation of Roads, Chapter 8, Section 831.

Section 2. This Ordinance shall be in full force and effect from January 1, 1969."

7. On August 2, 1968, the Indiana State Highway Commission duly and legally adopted a rule and regulation prohibiting curb parking at all times on either side of East Washington Street between Southeastern Avenue and Edmondson street. Said rule and regulation became effective January 1, 1969.

8. This cause of action was instituted in Marion Superior Court No. 7 on December 31, 1968, praying for the granting of an injunction to enjoin the enforcement of the no-parking regulations on East Washington Street between Southeastern Avenue and Edmonson Street. A temporary restraining order was issued by the said court on December 31, 1968, temporarily restraining the enforcement of said no-parking regulations. Said cause of action was transferred to the Appellate Court of Indiana on January 17, 1969, pursuant to the provisions of Chapter 7, Acts of 1965 (2d Spec. Sess.). On January 24, 1969, this court dissolved the temporary restraining order. Subsequently, the M.T.A. Ordinance No. 18 and the rule and regulation adopted by the Indiana State Highway Commission, restricting curb parking at all times on East Washington Street between Southeastern Avenue and Edmondson Street, became effective.

9. East Washington Street carries an average traffic flow of 17,000 to 18,500 vehicles daily.

10. East Washington Street with curb parking allowed has the capacity of flowing traffic of 750 vehicles per hour; and with totally restricted curb parking said street has the capacity of flowing traffic of 1,050 vehicles per hour. A thoroughfare of the type of East Washington Street without curb parking, but with parking at the curb permitted for no longer than five minutes to allow the loading and unload-

ing of passengers, and with parking at the curb permitted for no more than twenty minutes to permit the loading, unloading, delivery and pick-up of merchandise by commercial vehicles, has the capacity of flowing traffic of 750 vehicles per hour.

11. The heaviest traffic flow occurs during those hours when no stopping, standing or parking was permitted on either side of East Washington Street.

12. The "right angle" accident rate on East Washington Street prior to the enforcement of General Ordinance No. 18 and the rule and regulation adopted by the Indiana State Highway Commission was lower than in other parts of the city; however, the "parked vehicle" accident rate on East Washington Street was equal to that of the rest of the city, but was no greater.

13. The prohibition of curb parking at all times on East Washington Street between Southeastern Avenue and Edmondson Street will facilitate the speedier and more expeditious flow of traffic on said thoroughfare. The prohibition of curb parking at all times will relieve traffic congestion and make said street safer for the traveling public; however, it will cause some degree of economic loss to the business establishments abutting said thoroughfare.

CONCLUSIONS OF LAW

1. That the plaintiffs herein have no justiciable right which justifies the granting of any equitable relief herein.

2. That the law is with the defendants.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, That the plaintiffs' request for the granting of a temporary injunction, as prayed for in their complaint filed in this cause of action, be, and the same is, hereby denied; and that said cause of action be, and the same is, hereby remanded to the Marion County Superior Court No. 7 for

further proceedings not inconsistent with the conclusions of law made and entered herein.

NOTE.—Reported in 248 N. E. 2d 167.